# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE   )
           )
  v.        )  I.D. No. 1511011583
           )
MICHAEL A. CARELLO,   )
           )
  Defendant.    )

Submitted: February 11, 2020
Decided: February 14, 2020

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant's Motion for Appointment of Counsel*
**DENIED.**

## ORDER

Michael A. Carello, *pro se*, Newport, VT.

Barzilai Axelrod, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 14th day of February, 2020, upon consideration of Defendant's Motion for Postconviction Relief, Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1.      After his suppression motion was granted in part and denied in part, Defendant Michael A. Carello ("Carello") was convicted of various weapons offenses in a stipulated bench trial.[1] He was sentenced as an habitual offender to a total of 23 years at Level V, followed by probation.[2] On appeal, he unsuccessfully challenged this Court's partial denial of his motion to suppress.[3]

2.      On February 11, 2020, Carello filed this Motion for Postconviction Relief ("Motion"),[4] his first, along with a Motion for Appointment of Counsel.[5] Carello raises issues related to suppression of evidence and the effectiveness of his counsel's assistance.[6]

3.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[7] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[8]

---

[1] *Carello v. State,* 2017 WL 563183, at *2 (Del. 2017).
[2] *Id.*
[3] *Id.*
[4] D.I. 39.
[5] D.I. 40.
[6] D.I. 39.
[7] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[8] *Id.*

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations or former adjudication. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[9] Grounds for relief that were formerly adjudicated, whether in the proceedings leading to conviction, on appeal, or otherwise, are barred.[10]

5. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence[11] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[12]

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[13]

7. In applying the procedural bars of Rule 61(i), it appears that the motion is untimely since it was filed more than three years after the convictions became final. The suppression-related claims also are barred as formerly adjudicated. In

---

[9] Super. Ct. Crim. R. 61(i)(1).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).
[12] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[13] Super. Ct. Crim. R. 61(d)(5).

3

order to overcome this bar to relief, Carello must satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[14] He may do so by pleading with particularity that new evidence exists that creates a strong inference that the he is actually innocent[15] or by pleading with particularity a claim that a new retroactive rule of constitutional law applies to his case and renders his conviction invalid.[16] Carello has not made that effort. Therefore this untimely motion must be **SUMMARILY DISMISSED**.

8.    Rule 61(e)(2) provides for the appointment of counsel in timely first postconviction relief motions.[17] Here the postconviction relief motion is untimely and, accordingly, the request for counsel is **DENIED**.

**THEREFORE**, since it plainly appears from Motion for Postconviction Relief and the record in this case that Carello is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED**. The Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[14] Super Ct. Crim. R. 61(i)(5).
[15] Super. Ct. Crim. R. 61(d)(2)(i).
[16] Super. Ct. Crim. R. 61(d)(2)(ii).
[17] Super. Ct. Crim. R. 61(e)(2).

4